**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **NANCY DEL CAMPO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL CASE NO: 7:23-cv-234** |
| | § | **JURY TRIAL DEMANDED** |
| **BLAZIN WINGS, INC. and** | § | |
| **BUFFALO WILD WINGS,** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANT BLAZIN WINGS, INC.'S**
*(incorrectly named as Buffalo Wild Wings)*
**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. § 1441 and Local Rule LR81, Blazin Wings, Inc.[1]

*(incorrectly named as Buffalo Wild Wings)* (hereinafter "Defendant") removes to this

Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C.

§ 1446(a), Defendant sets forth the following "short and plain statement of the

grounds for removal."

**I.**

**THE REMOVED CASE**

1.      The removed case is a civil action filed in the County Court at Law No.

5 of Hidalgo County, Texas, on June 9, 2023, styled *Nancy Del Campo v. Blazin*

---

[1] Plaintiff originally named Blazing Wings, Inc. as a Defendant, but after Defendant answered, Plaintiff amended her Petition.

*Wings, Inc. and Buffalo Wild Wings*, under Cause No. CL-23-2310-E (the "State Court Action").

## II.

## DOCUMENTS FROM REMOVED ACTION

2.    Pursuant to Local Rule 81 and 28 U.S.C. § 1446(a), Defendant attaches the following documents to this Notice of Removal:

(a)    All executed process in the case;

(b)    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

(c)    All orders signed by the state judge;

(d)    The docket sheet;

(e)    An index of matters being filed; and

(f)    A list of all counsel of record, including addresses, telephone numbers and parties represented.

The aforementioned documents are attached to this Notice of Removal as ***Exhibit A***.

## III.

## REMOVAL PROCEDURE

3.    Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the United States District Courts for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441.  The McAllen Division of the Southern District Court of Texas is the United States district and division embracing Hidalgo County, Texas, and the county in which the State Court Action is pending.

4.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as ***Exhibit A*** and incorporated herein for all purposes.

5.      Defendant will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the County Court at Law No. 5 of Hidalgo County, Texas, where the State Court Action is currently pending.

## IV.
## REMOVAL IS TIMELY

6.      According to the State Court Action file, Defendant (originally improperly named as Blazing Wings, Inc.) was served with a copy of Plaintiff's Original Petition on June 20, 2023.

7.      Since the thirtieth day after service of the Original Petition on Defendant falls on July 20, 2023, this Notice of Removal is being timely filed within the time limits specified in 28 U.S.C. § 1446(b).

## V.
## VENUE IS PROPER

8.      The United States District Court for the Southern District of Texas – McAllen Division, is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the County Court at Law No. 5 of Hidalgo County, Texas, is located within the jurisdiction of the United States District Court for the Southern District of Texas – McAllen Division.

# VI.

## DIVERSITY OF CITIZENSHIP EXISTS

9.    This is a civil action relating to a negligence claim that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

10.    Plaintiff is a resident of Hidalgo County, Texas and is domiciled there.[2]

11.    Blazin Wings, Inc. is a foreign corporation organized and existing under the laws of Minnesota. Blazin Wings, Inc. is a citizen of Minnesota and its principal place of business is located at Three Glenlake Parkway, Atlanta, GA 30328. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Minnesota and the State of Georgia.

12.    Improperly named Defendant "Buffalo Wild Wings," based on Blazin Wings, Inc.'s information and belief, does not exist.

13.    Because the Plaintiff is a resident and citizen of the State of Texas and Blazin Wings, Inc. is a resident and citizen of the State of Minnesota and has its principal place of business in the State of Georgia, complete diversity of citizenship exists between all parties as required by 28 U.S.C. § 1332 for purposes of diversity jurisdiction. Thus, this Court has jurisdiction over the parties based on diversity of citizenship.

---

[2] Plaintiff's First Amended Petition at ¶2.

# VII.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14.     Plaintiff alleges in her First Amended Petition that she seeks "damages in an amount $74,999.00 … together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court…." *See* Plaintiff's First Amended Petition at 6. Plaintiff's implication that the amount in controversy does not exceed $75,000.00 should be disregarded for purposes of jurisdictional analysis.

15.     Texas Rule of Civil Procedure 47 requires plaintiffs to state in a petition the range of monetary relief sought among five pre-defined ranges. TEX. R. CIV. P. 47(c). The lowest range is "only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs," followed by "monetary relief of $250,000 or less and non-monetary relief." *Id.* Texas rules do not permit plaintiffs to request a specific amount of damages beyond one of the ranges. *See id.*; *Espinoza v. Allstate Texas Lloyd's*, 222 F. Supp. 3d 529, 535 (W.D. Tex. 2016). Accordingly, when a plaintiff alleges in her Texas state court petition that her claim does not exceed $75,000, her pleading contravenes Texas rules and is an attempt to circumvent federal diversity jurisdiction. *Id.; Chavez v. State Farm Lloyds*, Civil Action No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016); *see also A & C Discount Pharmacy, L.L.C. v. Caremark, L.L.C.*, Civil Action No. 3:16-CVO 264-D, 2016 WL 3126237, at *2 n.2 (N.D. Tex. June 3, 2016). Furthermore, alleged damages stated in a Texas state court petition cannot prove that the amount in controversy does not exceed that amount as a legal certainty because plaintiffs

may supersede those allegations with amended pleadings. *See, e.g., Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) ("Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions.").

16.     Plaintiff does not include one of the requisite Texas Rule 47(c) pleading categories in her Original or First Amended Petition. Plaintiff's statement pleading that she seeks "damages in an amount $74,999.00" contravenes Texas state court rules and does not bind Plaintiff to recover less than $75,000.00; it serves solely as an attempt to avoid federal jurisdiction. The alleged maximum of $75,000 is not made in good faith and does not control the action's amount in controversy. *Espinoza*, 222 F. Supp. 3d at 535.

17.     On the contrary, Plaintiff alleges in her State Court Petitions that she suffered "substantial bodily injury, and to endure anxiety, pain, and illness resulting in damages" as a result of the slip and fall incident. In pre-suit communications with claims department personnel, Plaintiff' reported suffering "severe and debilitating injuries," "severe and constant pain," and that her medical expenses "continue to accrue." Plaintiff alleges that she is entitled to recover for six categories of damages, including:

   a.   Past Medical Expenses;
   b.   Future Medical Expenses;
   c.   Past physical pain and suffering;
   d.   Past mental anguish;
   e.   Future physical pain and suffering; and

f.  Future Mental anguish. [3]

Therefore, due to the nature and extent of Plaintiff's alleged injuries, course of treatment, and purported damages, the amount in controversy in this case clearly exceeds $75,000.00.

18.    Nevertheless, a state-court plaintiff seeking to avoid federal jurisdiction may do so by filing a binding stipulation with the original complaint that limits recovery to an amount below the jurisdictional threshold. *See, e.g., Mokhtari v. Geovera Specialty Insurance Co.*, Civil Action No. H-14-3676, 2015 WL 2089772, at *1 (S.D. Tex. May 4, 2015); *Espinola-E v. Coahoma Chemical Co.*, 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. Jan. 19, 2001) (per curiam) (unpublished) The stipulation must be filed in state court <u>before removal</u> because federal courts determine removal jurisdiction on the basis of the claims in state court as they existed at the time of removal. *See Cavallini v. State Farm Mutual Auto Insurance Co.,* 44 F.3d 256, 264 (5th Cir. 1995); *Maley v. Design Benefits Plan, Inc.*, 125 F. Supp. 2d 197, 200 (E.D. Tex. 2000) (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1993) (superseded by statute on other grounds).

19.    Here, counsel for Defendant Blazin Wings, Inc. has provided to Plaintiff's counsel's office a proposed stipulation limiting Plaintiff's recoverable damages in this matter to $75,000.00, in lieu of seeking removal. Plaintiff's counsel's office failed to respond to that proposal, thereby indicating that they were unwilling to stipulate to a limitation of damages and that the actual amount in controversy is

---

[3] *See* Plaintiff's First Amended Petition at ¶25.

in excess of $75,000.00. Therefore, Plaintiff's amount in controversy allegation is not effective to defeat the court's jurisdiction. *Id.; Flanagan v. Clarke Road Transport, Inc.*, Civil Action H-18-2324, 2018 WL 3869968, at *2 (S.D. Tex. Aug. 15, 2018).

20.     Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy as specifically pled by the Plaintiff, exceeds $75,000, exclusive of interest and costs.

## VIII.
## FILING OF REMOVAL PAPERS

21.     Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the County Court at Law No. 5 of Hidalgo County, Texas, in which this action was originally commenced.

## IX.
## CONCLUSION

22.     Blazin Wings, Inc. *(incorrectly named as Buffalo Wild Wings)* hereby removes the above-captioned matter from the County Court at Law No. 5 of Hidalgo County, Texas, and requests that further proceedings be conducted in the United States District Court for the Southern District of Texas – McAllen Division, as provided by law.

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, TX 75201
214.379.6900
214.379-6939 Facsimile

By:    */s/ Zach T. Mayer*
           Zach T. Mayer
           State Bar No. 24013118
           zmayer@mayerllp.com
           Andrew J. Upton
           State Bar No. 24101307
           aupton@mayerllp.com

**ATTORNEYS FOR DEFENDANT
BLAZIN WINGS, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 20th day of July 2023, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| Juan R. Zamora | ☒E-Mail |
| Email: Unknown[4] | ☐Hand Delivery |
| Plaintiff's Counsel's Paralegal Email: | ☐Facsimile |
| sa@zamora-lawfirm.com | ☐Overnight Mail |
| 1113 Nightingale Ave. | ☐Regular, First Class Mail |
| McAllen, Texas 78503 | ☒E-File and Serve |
| | ☐E-Service Only |
| ***COUNSEL FOR PLAINTIFF*** | ☐Certified Mail/Return Receipt Requested |

          */s/ Andrew J. Upton*
          Andrew J. Upton

---

[4] In contravention of Texas Rule of Civil Procedure 57, Plaintiff's counsel did not include an email address on Plaintiff's Original Petition or First Amended Petition. Defendant's counsel has requested Plaintiff's counsel's email address from counsel's office, but Plaintiff's counsel's office has not provided same.